Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
BLUECROSS BLUESHIELD OF TENNESSEE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE, INC., a Tennessee corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 8:19-CV-00804-DOC-DFM<br>HON. DAVID O. CARTER<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENTS: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK]**<br><br>Complaint Served: May 7, 2019 |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiff ABC Services Group, Inc. ("Plaintiff") and Defendant BlueCross BlueShield of Tennessee, Inc. ("Defendant") (each a "Party" and together, the "Parties") hereby stipulate as set forth below.

## PURPOSE AND LIMITATIONS

1. Discovery in this action is likely to involve production of confidential, proprietary, or Protected Health Information (as defined below) for which special protection from public disclosure and from use for any purpose other than pursuing this Litigation (as defined below) may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter this Stipulation and Protective Order With HIPAA-Qualified Protections ("Order") to help protect such information, and to ensure disclosure of such information in relation to the Litigation complies with the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d *et seq.*, as amended, and its implementing regulations, 45 C.F.R. Parts 160-64 (collectively, "HIPAA") and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.* The Parties stipulate and agree this Order shall govern the designation and handling of all documents and information produced or exchanged in the litigation (the "Litigation") by Plaintiff ABC Services, Inc.; Defendant Blue Cross Blue Shield of Tennessee, Inc.; or any non-party producing documents or giving evidence in the Litigation that contain non-public, confidential, commercial, trade secret, proprietary, or commercially sensitive business information, including, but not limited to Protected Health Information (collectively "Designated Materials"). This Order shall also govern handling the documents so designated and information in such documents. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

## GOOD CAUSE STATEMENT

2. Information produced in discovery may contain Protected Health Information subject to the protections of, *inter alia*, HIPAA and California Civil Code §§ 56 et seq., and 1798.82 *et seq*. Information produced in discovery in this Litigation may also contain the Parties' trade secret, privileged, confidential, and/or proprietary information. A protective order for such information is therefore justified in this matter.

## ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE

3. The Parties further acknowledge that this Order does not entitle them to file confidential information under seal. Local Rule 79-5 of the United States District Court, Central District of California, sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## CONFIDENTIALITY DESIGNATIONS

4. All documents produced in connection with the Litigation designated in compliance with this Order by a Party or non-party as "Confidential" or "Attorney's Eyes Only" or "Protected Health Information," and the information in such documents, and all other information elicited through discovery in the Litigation designated "Confidential" or "Attorney's Eyes Only" or "Protected Health Information" (collectively referred to as "Confidential Information"), shall be used for purposes of the Litigation only and in accordance with the terms of this Order and shall not be used or disclosed for any other purpose without the prior written authorization of the attorney for the producing Party or of the producing non-party, in each instance who has received the prior consent of his or her respective client.

5. Confidential Information subject to this Order shall be divided into three categories:

- "Confidential"

- "Attorney's Eyes Only"
- "Protected Health Information" – The term "Protected Health Information" specifically includes "protected health information" as defined in HIPAA as well as "Medical Information" as defined by the California Confidentiality of Medical Information Act, Civ. Code, § 56.05(j). "Protected Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, audit letters, checks, notices, and requests. "Protected Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Protected Health Information."

## DESIGNATING CONFIDENTIAL MATERIALS

6. Any Party or non-party producing Confidential Information under this Order may designate what is produced as "Confidential," or "Attorney's Eyes Only," or "Protected Health Information" by stamping the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or "PROTECTED HEALTH INFORMATION" on the face of the documents or by any other means reasonably calculated to put the receiving Party on notice of the "Confidential" or "Attorney's Eyes Only" or "Protected Health Information" status of the documents as produced.

7. Should it be necessary during a deposition for an attorney or witness to refer to information designated "Confidential," "Attorney's Eyes Only" or "Protected Health Information," all persons other than those to whom disclosure is permitted by this Order shall have to leave the room. When a Party or non-party wishes to designate deposition testimony or documents submitted as exhibits to a deposition as "Confidential" or "Attorney's Eyes Only" or "Protected Health Information" (which documents were not previously marked as such), the Party or non-party may do so on

the record during the deposition or, after receipt of the final deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person within thirty (30) days of receiving the final transcript of the deposition. Those portions of the deposition transcript and exhibits designated as "Confidential" or "Attorney's Eyes Only" or "Protected Health Information" shall be appropriately marked as such by the reporter. All deposition transcripts in the Litigation shall be treated as "Confidential" unless either Party designates certain portions as "Attorney's Eyes Only." Documents previously marked as "Confidential" or "Attorney's Eyes Only" or "Protected Health Information" when they are later used as deposition exhibits, shall automatically retain those designations with no further required action by any Party.

8. All "Confidential" and "Attorney's Eyes Only" designations must be based on a good faith belief that the document or information is sufficiently sensitive to warrant such a designation by the Party. Regarding "Attorney's Eyes Only" designations, the Party making the designation must have a good faith basis (with the concurrence of its counsel) that disclosure to employees of the opposing Party (as opposed to their outside counsel) would (a) create a risk of the appearance of potential collusion in pricing or bidding, (b) seriously undermine the producing Party's competitive posture in future negotiations or business dealings, or (c) potentially breach a contract with a non-party.

9. A document produced or disclosed without a "Confidential," "Attorney's Eyes Only" or "Protected Health Information" designation may be subsequently designated as "Confidential," "Attorney's Eyes Only" or "Protected Health Information" under Paragraph 6. In each such case, the Party or non-party designating the document as "Confidential," "Attorney's Eyes Only" or "Protected Health Information" shall provide to the other Party (or, if a non-party, to the Parties) written notice of that designation and a copy of the document marked or identified under

Paragraph 6. The disclosure by the producing Party or non-party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either on the specific information disclosed or on any other information relating thereto or on the same or related subject.

10. Any Party to whom documents or information designated as Confidential Information are provided may challenge such designation. The Party challenging the designation shall confer with the producing Party or non-party concerning the appropriate confidentiality designation, if any, for the documents or information. If counsel cannot resolve the issue(s) regarding the designation of a document or information under this Order, the dispute may be presented to the Court by motion. Until such time as the Court issues an order ruling on the dispute, the document or information at issue shall be treated as "Confidential," "Attorney's Eyes Only," or "Protected Health Information" based on the designation assigned to the document or information by the producing Party according to the terms of this Order.

## **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MATERIALS**

11. Documents and information deemed or designated "Confidential" or "Protected Health Information" may only be disclosed to: (1) counsel of record for the Parties, including paralegal, secretarial and clerical employees, and IT staff; (2) employees of the non-disclosing Party, including in-house counsel, insofar as it is necessary for them to review the same to assist or advise the non-disclosing Party regarding the Litigation; (3) authors, addressees, and recipients of particular information designated as "Confidential" solely for disclosing such information of which they are an author, addressee, or recipient; (4) the Judge, mediator, or special master, assigned to this case, personnel of the Court, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court; (5) any court reporter employed for depositions or hearings

in the Litigation, including persons operating video recording equipment at video depositions; (6) employees of copy centers, document scanning services, electronic discovery vendors, or similar contractors used by the Parties to reproduce or manage documents produced in connection with the Litigation as well as for services provided in connection with trial preparation and/or trial; and (7) any expert or consultant retained or employed by any Party for the Litigation.

12. Documents and information deemed or designated "Attorney's Eyes Only" may only be disclosed to: (1) outside counsel of record for the Parties, including paralegal, secretarial and clerical employees, and IT staff; (2) authors, addressees, and recipients of particular information designated as "Attorney's Eyes Only" solely for disclosing such information of which they are an author, addressee, or recipient; (3) the Judge, mediator, or special master assigned to this case, personnel of the Court, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court; (4) any court reporter employed for depositions or proceedings, including persons operating video recording equipment at video depositions; (5) employees of copy centers, document scanning services, electronic discovery vendors, or similar contractors used by the Parties to reproduce or manage documents produced in connection with the Litigation as well as for services provided in connection with trial preparation and/or trial; and (6) any expert or consultant retained by any Party for the Litigation.

**DISCLOSURE OF CONFIDENTIAL MATERIALS**

13. Confidential Information may be revealed, delivered, exhibited, or disclosed to any court reporter employed for depositions or proceedings, including persons operating video recording equipment at video depositions, employees of copy centers, document scanning services, electronic discovery vendors, or similar contractors used by the Parties to reproduce or manage documents produced in connection with the Litigation as well as for services provided in connection with trial

preparation and/or trial, and any expert or consulting expert engaged or utilized by counsel of record for the Parties to assist in the preparation of the Litigation or to testify at trial or any other proceeding, provided that before being given access to information deemed or designated "Confidential," "Attorney's Eyes Only" or "Protected Health Information," the individuals identified in this paragraph must read and agree to be bound by this Order by endorsing **Exhibit A**.

## DISPOSAL OF CONFIDENTIAL INFORMATION FOLLOWING LITIGATION

14. Confidentiality is to be maintained both during and after the Litigation. Within thirty (30) days of conclusion of the Litigation, all Confidential Information or documents containing data or information obtained, derived, or generated from such documents, shall be destroyed or returned to the Party who produced them. Upon request, counsel shall confirm such destruction or return in writing. Notwithstanding the foregoing, counsel of record for each Party may retain one set of pleadings, depositions, and discovery responses, and may retain any notes, documents, and copies thereof which are work product, consistent with his or her ordinary file management and/or document retention policies, and/or those of his or her firm. Such retained Confidential Information and related materials will remain subject to this Order.

## NO ADMISSION

15. Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with this Order shall not operate as or constitute an admission by any Party that any Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other confidential matter.

## NO WAIVER

16. Review of the Confidential Information by counsel, experts, or

consultants for the Parties in the Litigation shall not waive the confidentiality of the documents or objections to production or from otherwise objecting to discovery it believes to be improper.

17. The inadvertent, unintentional, or in camera disclosure of Confidential Information shall not be deemed a waiver in whole or in part of any Party's claims of confidentiality.

18. Nothing herein shall be deemed to waive any privilege or work product protection, nor shall an inadvertent disclosure of material protected by privilege or work product protection constitute a waiver of such privilege or protection.

## QUALIFIED HIPAA PROTECTIVE ORDER

19. The Parties are hereby granted the right to produce, to use, to exchange, and to obtain from any Party or health care provider, health plan, or other HIPAA covered entity, or business associate of a covered entity, all information relating to the provision of health care or billing or payment for the provision of such health care for the medical claims at issue in the Litigation.

20. This Order authorizes any third party provided with an authorized request for the production of documents or deposition or trial attendance to disclose relevant Protected Health Information in response to such request. This Order is intended to authorize such disclosures under the privacy regulations issued under HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(i).

21. The Parties are expressly prohibited from using or disclosing any Protected Health Information obtained under this Order for any purpose other than in relation to the Litigation.

## MISCELLANEOUS PROVISIONS

22. The Parties agree that any information or documents designated "Confidential," "Attorney's Eyes Only" or "Protected Health Information" that is referenced in an order of the Court shall be subject to the conditions and restrictions in

this Order.

23. Nothing in this Order shall limit a Party that made the specific designation under this Order and produced the document or information from using its own documents, nor prevent such Party from disclosing its own Confidential Information to any person. However, any use by a Party of a document or information inconsistent with this Order will be considered by the Court in resolving any challenge to the designation of a particular document or information.

24. Each person who signs **Exhibit A** voluntarily submits to the jurisdiction of the Court regarding this Order.

25. Each person or entity to whom disclosure of any Designated Materials is made agrees to subject himself/herself/itself to the jurisdiction of the Court. The recipient of any Designated Materials provided under this Order shall maintain such information in a secure and safe area and shall exercise due and proper care regarding its storage, custody, and use so long as it remains so designated.

26. There shall be no unauthorized disclosure outside of the Litigation of any Designated Materials by any person authorized to have access under this Order. The Parties are hereby ordered to safeguard all such documents, information and materials to protect against disclosure to or use by any unauthorized persons or entities.

27. The Parties may seek further stipulations or protective orders or modification of this Order and may raise objections under and as allowed by applicable rules, to any discovery requests made in the Litigation.

28. Nothing in this Order shall require production of documents, information, or other materials that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other materials subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice

or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party who inadvertently or unintentionally produces documents, information, or other materials it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other materials by promptly notifying the recipient(s), except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

29. This Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party or otherwise by operation of law. To the extent they already exist, all such obligations remain in full force and effect notwithstanding this Order.

30. The Parties agree that the use and disclosure of certain Protected Health Information between the Parties can be performed in the ordinary course of business under HIPAA's regulatory provisions regarding uses and disclosures related to payment, treatment, or healthcare operations, including but not limited to 45 C.F.R. §§ 164.501, 164.502, and 164.506.

31. This Order shall survive and remain in effect after the termination of the Litigation and of this case.

32. Nothing in this Order shall restrict or otherwise affect the admissibility of evidence in this Litigation.

**SO STIPULATED.**

DATED: July 24, 2019                      **HUNTON ANDREWS KURTH LLP**

By:    /s/ Ann Marie Mortimer
         Ann Marie Mortimer
         Jason J. Kim
         Attorneys for Defendant
         BLUECROSS BLUESHIELD OF TENNESSEE, INC.

DATED: July 24, 2019                      **GARNER HEALTH LAW CORPORATION**

By:    /s/ Craig B. Garner
         Craig B. Garner
         T. Mark Tubis
         Rochelle J. Bioteau
         Attorneys for Plaintiff
         ABC SERVICES GROUP, INC.

\* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing Party attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 5, 2019

                                            HON. DOUGLAS F. MCCORMICK
                                            United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE, INC., a Tennessee corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 8:19-CV-00804-DOC-DFM<br>HON. DAVID O. CARTER<br><br>**AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

I, _____, have been given and read a copy of the Stipulation Protective Order With HIPAA-Qualified Protections, entered in this matter. I understand and will strictly adhere to the contents of the order, materials disclosed that are stamped "Confidential," Attorney's Eyes Only," or "Protected Health Information," are subject to the order of this Court and I understand that I am prohibited from copying, disclosing, or otherwise using such material except as provided by the Order. I understand that unauthorized disclosure of the stamped confidential documents may cause injury to others and I agree to be subject to the personal jurisdiction of the Court to enforce my obligations under this agreement and order and any proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the order, is a prerequisite to my review of any confidential materials.

DATED: _____

_____
NAME